**Armin Celido ESCOBAR CALDERON,
Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

Nos. 03–73965, A72–114–159.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 8, 2004.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Virginia Lum, Anthony W. Norwood, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM **

Armin Celido Escobar Calderon, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' (BIA) summary affirmance of an immigration judge's (IJ) order denying his claims for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Melkonian v. Ashcroft,* 320 F.3d 1061, 1065 (9th Cir.2003), we deny the petition for review.

▉ Escobar Calderon contends that the IJ erred by failing to find him eligible for asylum and withholding of removal based on imputed political opinion, where he and his father served in the civil defense. Substantial evidence, however, supports the IJ's decision because Escobar Calderon failed to demonstrate that his two encounters with guerrillas in Guatemala were on account of imputed political opinion or any other statutorily protected ground. *See Melkonian,* 320 F.3d at 1064 (requiring evidence that applicant was targeted for conscription based on an enumerated ground).

▉ Further, substantial evidence supports the IJ's finding that Escobar Calderon failed to establish a well-founded fear of persecution motivated by his refusal to join the guerrillas. *See Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997).

▉ Finally, the fact that Escobar Calderon's children and brother who also served in the civil patrol have remained in Guatemala without incident undermines the objectivity of Escobar Calderon's fear of persecution. *See Aruta v. INS,* 80 F.3d 1389, 1395 (9th Cir.1996) (safety of similarly situated family relevant to support BIA's decision).

Because Escobar Calderon failed to establish asylum eligibility, he necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741, 745–46 (9th Cir.2004), Escobar Calderon's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.